Exhibit A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
_____ Dauphin _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |
| 2017 CV 2190 AS |

The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

**Lead Plaintiff's Name:**
Faith Belac Cope, Administratrix of the Estate of Loretta Belac

**Lead Defendant's Name:**
A.I.I. ACQUISITIONS, LLC f/k/a A.I.I. ACQUISITION CORP. f/k/a ALTHONE INDUSTRIES, INC. f/k/a HOLLAND FURNACE COMPANY

**Are money damages requested?** ☒ Yes   ☐ No

Dollar Amount Requested: ☐ within arbitration limits   ☒ outside arbitration limits (check one)

**Is this a Class Action Suit?** ☐ Yes   ☒ No     **Is this an MDJ Appeal?** ☐ Yes   ☒ No

Name of Plaintiff/Appellant's Attorney:   Lee W. Davis, Esquire PA ID 77420

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your PRIMARY CASE. If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT (do not include Mass Tort)**
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☒ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT (do not include Judgments)**
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

## IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY COUNTY, PA

Faith Belac Cope, Administratrix of the Estate of
Loretta Belac,

**Plaintiff**

v

A.I.I. ACQUISITIONS, LLC F/K/A A.I.I. ACQUISITION CORP.
F/K/A ALTHONE INDUSTRIES, INC. F/K/A HOLLAND
FURNACE COMPANY

A.O. SMITH CORPORATION IN ITS OWN RIGHT AND AS
SUCCESSOR-IN-INTEREST TO THE CLARK CONTROLLER
COMPANY AND A.O. SMITH CORPORATION

ABB, INC.

AFTOSA

AIR & LIQUID SYSTEMS CORPORATION AS SUCCESSOR
BY MERGER TO BUFFALO PUMPS, INC.

AMERICAN ART CLAY CO., INC.

AMERICAN TALC COMPANY

ANCHOR CERAMIC MOLD CO.

ARMSTRONG INTERNATIONAL, INC.

ASSOCIATED RUBBER, INC.

ATWOOD & MORRILL. A DIVISION OF WEIR POWER &
INDUSTRIAL

AURORA PUMP COMPANY

Civil Action No. 2017 CV 2190 AS

**COMPLAINT IN CIVIL ACTION**

**JURY TRIAL DEMANDED**

FILED ON BEHALF OF THE PLAINTIFF
COUNSEL OF RECORD FOR THIS PARTY:

Lee W. Davis, Esquire
PA I.D. # 77420

Law Offices Of Lee W. Davis, Esquire,
5239 Butler St, Ste 201
Pittsburgh, Pa 15201
412-781-0525
lee@leewdavis.com

AVON PRODUCTS INC.

BARRETT'S MINERALS INC.

BASF CATALYSTS LLC AS SUCCESSOR IN INTEREST TO
EASTERN MAGNESIA TALC CO.

BEHR PROCESS CORPORATION

BELL AND GOSSETT COMPANY, NOW KNOWN AS ITT LLC,
FORMERLY KNOWN AS ITT CORPORATION

BENDIX CORP.

BIRD INC.

BORG-WARNER CORP.

CBS CORPORATION F/K/A VIACOM, INC., AS SUCCESSOR
BY MERGER TO CBS CORPORATION, F/K/A
WESTINGHOUSE ELECTRIC CORPORATION

CERAMIC SUPPLY INC.

CERTAINTEED CORPORATION

CHARLES B. CHRYSTAL CO. INC

CHATTEM, A SANOFI COMPANY, INDIVIDUALLY AND FOR
GOLD BOLD AND GOLD BOND ULTIMATE

CHAVANT, INC.

COLORAMICS, LLC, FICTIITIOUSLY KNOWN AS MAYCO
COLORS CONVENIENCE PRODUCTS INC.

COTY, INC.

COUNTRYSIDE HOME CENTER, INC.

CRANE COMPANY, INC.

CRAYOLA, LLC

CREATIVE HOBBIES, INC.

CROWN CORK & SEAL COMPANY, INC.

DAL-TILE CORPORATION, INDIVIDUALLY AND AS
SUCCESSOR TO AMERICAN OLEAN TILE COMPANY

DANA CLASSIC FRAGRANCES

DAP, INC

DECKER'S KORNER

DECO ART, INC.

DUNCAN ENTERPRISES

ECLECTIC PRODUCTS, INC.

EVENHEAT KILN, INC.

FOSTER WHEELER, L.L.C., SURVIVOR TO A MERGER WITH
FOSTER WHEELER CORPORATION, F/K/A FOSTER
WHEELER CORPORATION

FREEPORT-MCMORAN INC. AS SUCCESSOR IN INTEREST
TO CYPRUS AMAX MINERALS COMPANY

GARE, INC.

GENERAL ELECTRIC COMPANY

GEORGIA PACIFIC LLC F/K/A GEORGIA PACIFIC
CORPORATION

HONEYWELL INTERNATIONAL, INC. F/K/A ALLIEDSIGNAL
INC. F/K/A THE BENDIX CORPORATION

IMERYS TALC AMERICA, INC. AND SUCCESSOR IN
INTEREST TO LUZENAC AMERICA INC. AND WINDSOR
MINERALS

IMO INDUSTRIES, INC., F/K/A IMO DELAVAL, DELAVAL, INC.
F/K/A TRANSAMERICA DELAVAL, INC., F/K/A DELAVAL
TURBINE, INC., DEVALCO CORPORATION, AND AS
SUCCESSOR TO WARREN PUMPS, INC.

INGERSOLL-RAND COMPANY

JAFRA COSMETICS INTERNATIONAL

JOANN STORES, LLC.

JOHNSON & JOHNSON

KOBO PRODUCTS, INC

KOLMAR LABORATORIES, INC A/K/A KOLMAR LABS
GROUP, INC.

L&L KILN MANUFACTURING INC.

LAGUNA CLAY CO., INDIVIDUALLY AND FOR MILLER CLAY
COMPANY

LAKESHORE LEARNING MATERIALS FICTICOUSLY KNOWN
AS LAKESHORE EQUIPMENT COMPANY

LENNOX INDUSTRIES, INC.

METROPOLITAN LIFE INSURANCE COMPANY A/K/A
METROPOLITAN INSURANCE COMPANY

MILWHITE INC. AS PARENT COMPANY OF WESTEX
MINERALS CO.

MORNING STAR MOLDS

NOVEON HILTON DAVIS INC.

OLYMPIC KILNS

PARAGON INDUSTRIES, L.P.

PFIZER INC. INDIVIDUALLY AND AS PARENT COMPANY OF
MINERAL TECHNOLOGIES CORP.

PLAID ENTERPRISES, INC., INDIVIDUALLY AND FOR APPLE

BARREL AND AS SUCCESSOR TO DELTA CREATIVE, INC.

POLYFORM PRODUCTS COMPANY, INC.

PPG ARCHITECTURAL FINISHES, INC.,AS SUCCESSOR-IN-
INTEREST TO AKZO NOBEL PAINTS LLC F/K/A THE
GLIDDEN COMPANY AND AS SUCCESSOR TO
PITTSBURGH PAINTS

PRESPERSE CORPORATION

RESCO PRODUCTS INC. AS PARENT COMPANY TO
PIEDMONT MINERALS CO. INC.

RILEY POWER, INC., F/K/A BABCOCK BORSIG POWER,
INC., F/K/A DB RILEY, INC., F/K/A RILEY STOKER
CORPORATION

SARGENT ART INC.

SEARS, ROEBUCK & CO.

SEATTLE POTTERY SUPPLY, INC.

SELEE CORPORATION, INDIVIDUALLY AND AS
SUCCESSOR TO ENGINEERED CERAMICS

SENSIENT TECHNOLOGIES CORPORATION

SHISEIDO AMERICAS CORPORATION

SHURTECH BRANDS, INDIVIDUALLY AND AS SUCCESSOR
IN INTEREST TO HENKEL CONSUMER ADHESIVES, INC.
F/K/A MANCO TAPE INC.

SIR RAMIC PORCELAIN, INC. A/K/A JEN-KEN KILNS

SKUTT CERAMIC PRODUCTS, INC.

SOUTHERN TALC COMPANY

STANDARD CERAMIC SUPPLY COMPANY

SUGAR CREEK INDUSTRIES, INC. INDIVIDUALLY AND FOR
GOOD KILN

SUN CHEMICAL CORPORATION

THE DOW CHEMICAL COMPANY

THE EDWARD ORTON JR. CERAMIC FOUNDATION

THE HOLLAND MOLD SHOP .

THE MICHAELS COMPANIES, INC.

THE SHERWIN-WILLIAMS COMPANY INDIVIDUALLY AND AS
SUCCESSOR TO DUTCH BOY GROUP AND MINWAX
COMPANY

TRANE U.S., F/K/A AMERICAN STANDARD, INC.,  ITS DIV. IN
OWN RIGHT

U.S. COSMETICS CORPORATION N/K/A MIYOSHI AMERICA,
INC.

UNIMIN CORPORATION FKA UNIMIN TEXAS CO. LP FKA
UNITED CLAYS OF TEXAS

UNIROYAL, INC., ALSO KNOWN AS  UNIROYAL GOODRICH
TIRE COMPANY

UTRECHT ART SUPPLIES


VAN AKEN INTERNATIONAL


VANDERBILT MINERALS, LLC F/K/A R.T. VANDERBILT CO.,
INC. AS SUCCESSOR IN INTEREST TO GOUVERNEUR TALC
CO. AND STANDARD MINERALS CO., INC.

VERMONT TALC, INC.


WEAVER'S CERAMIC MOLD, INC.


WEIL-MCLAIN COMPANY, INC.


WHITAKER CLARK & DANIELS, INC.




Defendants

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY COUNTY, PA

Faith Belac Cope, Administratrix of the Estate of
Loretta Belac
Plaintiff,

v

A.I.I. ACQUISITIONS, LLC  F/K/A A.I.I.
ACQUISITION CORP. F/K/A  ALTHONE
INDUSTRIES, INC. F/K/A HOLLAND
FURNACE COMPANY, ET AL.

Defendants

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in

the following pages, you must take action within twenty (20) days after this

complaint and notice are served, by entering a written appearance personally or

by attorney and filing in writing with the court your defenses or objections to the

claims set forth against you. You are warned that if you fail to do so the case may

proceed without you and a judgment may be entered against you by the court

without further notice for any money claimed in the complaint or for any claim or

relief requested by the plaintiff. You may lose money or property or other rights

important to you.


IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE
TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER
LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

## COMPLAINT IN CIVIL ACTION

1. The Plaintiff Faith Belac Cope, Administratrix of the Estate of Loretta Belac,

   and the Plaintiff-Decedent Loretta Belac formerly residing at 122 7th

   Street, Quakertowntown, PA .

2. The Defendants:

   - A.I.I. ACQUISITIONS, LLC F/K/A A.I.I. ACQUISITION CORP. F/K/A ALTHONE INDUSTRIES, INC. F/K/A HOLLAND FURNACE COMPANY is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

   - A.O. SMITH CORPORATION IN ITS OWN RIGHT AND AS SUCCESSOR-IN-INTEREST TO THE CLARK CONTROLLER COMPANY AND A.O. SMITH CORPORATION is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Ohio.

   - ABB, INC. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

   - AFTOSA is a corporation incorporated under the laws of the State of California, with its principal place of business in the State of California.

   - AIR & LIQUID SYSTEMS CORPORATION AS SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of New York.

   - AMERICAN ART CLAY CO., INC. is a corporation incorporated under the laws of the State of Indiana, with its principal place of business in the State of Indiana.

   - AMERICAN TALC COMPANY is a corporation incorporated under the laws of the State of Texas, with its principal place of business in the State of Texas.

   - ANCHOR CERAMIC MOLD CO. is a corporation incorporated under the laws of the State of Ohio, with its principal place of business in the State of Ohio.

- ARMSTRONG INTERNATIONAL, INC. is a corporation incorporated under the laws of the State of Michigan, with its principal place of business in the State of Florida.

- ASSOCIATED RUBBER, INC. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

- ATWOOD & MORRILL. A DIVISION OF WEIR POWER & INDUSTRIAL is a corporation incorporated under the laws of the Commonwealth of Massachusetts, with its principal place of business in the Commonwealth of Massachusetts.

- AURORA PUMP COMPANY is a corporation incorporated under the laws of the State of North Carolina, with its principal place of business in the State of North Carolina.

- AVON PRODUCTS INC. is a corporation incorporated under the laws of the State of New York, with its principal place of business in the State of New York.

- BARRETT'S MINERALS INC. is a corporation incorporated under the laws of the State of Montana, with its principal place of business in the Commonwealth of Massachusetts.

- BASF CATALYSTS LLC AS SUCCESSOR IN INTEREST TO EASTERN MAGNESIA TALC CO. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

- BEHR PROCESS CORPORATION is a corporation incorporated under the laws of the State of California, with its principal place of business in the State of California.

- BELL AND GOSSETT COMPANY, NOW KNOWN AS ITT LLC, FORMERLY KNOWN AS ITT CORPORATION is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

- BENDIX CORP. is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey.

BIRD INC. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Massachusetts.

BORG-WARNER CORP. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Miichigan.

CBS CORPORATION F/K/A VIACOM, INC., AS SUCCESSOR BY MERGER TO CBS CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of New York.

CERAMIC SUPPLY INC. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

CERTAINTEED CORPORATION is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Pennsylvania.

CHARLES B. CHRYSTAL CO. INC is a corporation incorporated under the laws of the State of New York, with its principal place of business in the State of New York.

CHATTEM, A SANOFI COMPANY, INDIVIDUALLY AND FOR GOLD BOLD AND GOLD BOND ULTIMATE is a corporation incorporated under the laws of the State of Tennessee, with its principal place of business in the State of Tennessee.

CHAVANT, INC. is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey.

COLORAMICS, LLC, FICTIITIOUSLY KNOWN AS MAYCO COLORS CONVENIENCE PRODUCTS INC. is a corporation incorporated under the laws of the State of Ohio, with its principal place of business in the State of Ohio.

COTY, INC. is a corporation incorporated under the laws of the State of New York, with its principal place of business in the State of New York.

- COUNTRYSIDE HOME CENTER, INC. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

- CRANE COMPANY, INC. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Connecticut.

- CRAYOLA, LLC is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

- CREATIVE HOBBIES, INC. is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey.

- CROWN CORK & SEAL COMPANY, INC. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

- DAL-TILE CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO AMERICAN OLEAN TILE COMPANY is a corporation incorporated under the laws of the State of Texas, with its principal place of business in the State of Texas.

- DANA CLASSIC FRAGRANCES is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey.

- DAP, INC is a corporation incorporated under the laws of the State of Maryland, with its principal place of business in the Commonwealth of Pennsylvania.

- DECKER'S KORNER is a corporation incorporated under the laws of the State of California, with its principal place of business in the Commonwealth of Pennsylvania.

- DECO ART, INC. is a corporation incorporated under the laws of the State of

Kentucky, with its principal place of business in the State of Kentucky.

DUNCAN ENTERPRISES is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the State of California.

ECLECTIC PRODUCTS, INC. Is a corporation incorporated under the laws of the State of Oregon, with its principal place of business in the State of Oregon.

EVENHEAT KILN, INC. is a corporation incorporated under the laws of the State of Michigan, with its principal place of business in the State of Miichigan.

FOSTER WHEELER, L.L.C., SURVIVOR TO A MERGER WITH FOSTER WHEELER CORPORATION, F/K/A FOSTER WHEELER CORPORATION is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Pennsylvania.

FREEPORT-MCMORAN INC. AS SUCCESSOR IN INTEREST TO CYPRUS AMAX MINERALS COMPANY is a corporation incorporated under the laws of the State of Arizona, with its principal place of business in the State of Arizona.

GARE, INC. is a corporation incorporated under the laws of the Commonwealth of Massachusetts, with its principal place of business in the Commonwealth of Massachusetts.

GENERAL ELECTRIC COMPANY is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Connecticut.

GEORGIA PACIFIC LLC F/K/A GEORGIA PACIFIC CORPORATION is a corporation incorporated under the laws of the State of Georgia, with its principal place of business in the State of Georgia.

HONEYWELL INTERNATIONAL, INC. F/K/A ALLIEDSIGNAL INC. F/K/A THE BENDIX CORPORATION is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of New York.

IMERYS TALC AMERICA, INC. AND SUCCESSOR IN INTEREST TO LUZENAC AMERICA INC. AND WINDSOR MINERALS  Is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of California.

IMO INDUSTRIES, INC., F/K/A IMO DELAVAL, DELAVAL, INC. F/K/A TRANSAMERICA DELAVAL, INC., F/K/A DELAVAL TURBINE, INC., DEVALCO CORPORATION, AND AS SUCCESSOR TO WARREN PUMPS, INC. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

INGERSOLL-RAND COMPANY Is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

JAFRA COSMETICS INTERNATIONAL is a corporation incorporated under the laws of the State of California, with its principal place of business in the State of California.

JOANN STORES, LLC. is a corporation incorporated under the laws of the State of Ohio, with its principal place of business in the State of Ohio.

JOHNSON & JOHNSON is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey.

KOBO PRODUCTS, INC is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey.

KOLMAR LABORATORIES, INC A/K/A KOLMAR LABS GROUP, INC.  is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Pennsylvania.

L&L KILN MANUFACTURING INC. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the State of New Jersey.

LAGUNA CLAY CO., INDIVIDUALLY AND FOR MILLER CLAY COMPANY is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of California.

LAKESHORE LEARNING MATERIALS FICTICOUSLY KNOWN AS
LAKESHORE EQUIPMENT COMPANY is a corporation incorporated under the
laws of the Commonwealth of Pennsylvania, with its principal place of business in
the State of California.

LENNOX INDUSTRIES, INC. is a corporation incorporated under the laws of the
State of Delaware, with its principal place of business in the State of Texas.

METROPOLITAN LIFE INSURANCE COMPANY A/K/A METROPOLITAN
INSURANCE COMPANY is a corporation incorporated under the laws of the
State of New York, with its principal place of business in the State of New York.

MILWHITE INC. AS PARENT COMPANY OF WESTEX MINERALS CO. is a
corporation incorporated under the laws of the State of Texas, with its principal
place of business in the State of Texas.

MORNING STAR MOLDS is a corporation incorporated under the laws of the
State of California, with its principal place of business in the State of California.

NOVEON HILTON DAVIS INC. is a corporation incorporated under the laws of
the State of Ohio, with its principal place of business in the State of Ohio.

OLYMPIC KILNS is a corporation incorporated under the laws of the State of
Georgia, with its principal place of business in the State of Georgia.

PARAGON INDUSTRIES, L.P. is a corporation incorporated under the laws of
the Commonwealth of Pennsylvania, with its principal place of business in the
Commonwealth of Pennsylvania.

PFIZER INC. INDIVIDUALLY AND AS PARENT COMPANY OF MINERAL
TECHNOLOGIES CORP. is a corporation incorporated under the laws of the
State of Tennessee, with its principal place of business in the State of
Tennessee.

PLAID ENTERPRISES, INC., INDIVIDUALLY AND FOR APPLE BARREL AND
AS SUCCESSOR TO DELTA CREATIVE, INC. is a corporation incorporated
under the laws of the State of Georgia, with its principal place of business in the
State of Georgia.

- POLYFORM PRODUCTS COMPANY, INC. is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

- PPG ARCHITECTURAL FINISHES, INC.,AS SUCCESSOR-IN-INTEREST TO AKZO NOBEL PAINTS LLC F/K/A THE GLIDDEN COMPANY AND AS SUCCESSOR TO PITTSBURGH PAINTS is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Pennsylvania.

- PRESPERSE CORPORATION is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Delaware.

- RESCO PRODUCTS INC. AS PARENT COMPANY TO PIEDMONT MINERALS CO. INC. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

- RILEY POWER, INC., F/K/A BABCOCK BORSIG POWER, INC., F/K/A DB RILEY, INC., F/K/A RILEY STOKER CORPORATION  is a corporation incorporated under the laws of the Commonwealth of Massachusetts, with its principal place of business in the Commonwealth of Massachusetts.

- SARGENT ART INC. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

- SEARS, ROEBUCK & CO. is a corporation incorporated under the laws of the State of New York, with its principal place of business in the State of Illinois.

- SEATTLE POTTERY SUPPLY, INC. is a corporation incorporated under the laws of the State of Washington, with its principal place of business in the State of Washington.

- SELEE CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO ENGINEERED CERAMICS is a corporation incorporated under the laws of the State of North Carolina, with its principal place of business in the State of North Carolina.

- SENSIENT TECHNOLOGIES CORPORATION is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

SHISEIDO AMERICAS CORPORATION is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

SHURTECH BRANDS, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO HENKEL CONSUMER ADHESIVES, INC. F/K/A MANCO TAPE INC. is a corporation incorporated under the laws of the State of Ohio, with its principal place of business in the State of Connecticut.

SIR RAMIC PORCELAIN, INC. A/K/A JEN-KEN KILNS is a corporation incorporated under the laws of the State of Florida, with its principal place of business in the State of Florida.

SKUTT CERAMIC PRODUCTS, INC. is a corporation incorporated under the laws of the State of Oregon, with its principal place of business in the State of Oregon.

SOUTHERN TALC COMPANY is a corporation incorporated under the laws of the State of North Carolina, with its principal place of business in the State of Georgia.

STANDARD CERAMIC SUPPLY COMPANY is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

SUGAR CREEK INDUSTRIES, INC. INDIVIDUALLY AND FOR GOOD KILN is a corporation incorporated under the laws of the State of Indiana, with its principal place of business in the State of Indiana.

SUN CHEMICAL CORPORATION is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Pennsylvania.

THE DOW CHEMICAL COMPANY is a corporation incorporated under the laws of the State of Michigan, with its principal place of business in the State of Miichigan.

THE EDWARD ORTON JR. CERAMIC FOUNDATION is a corporation

incorporated under the laws of the State of Ohio, with its principal place of business in the State of Ohio.

THE HOLLAND MOLD SHOP is a corporation incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Ohio.

THE MICHAELS COMPANIES, INC. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Texas.

THE SHERWIN-WILLIAMS COMPANY INDIVIDUALLY AND AS SUCCESSOR TO DUTCH BOY GROUP AND MINWAX COMPANY is a corporation incorporated under the laws of the State of Ohio, with its principal place of business in the State of Ohio.

TRANE U.S., F/K/A AMERICAN STANDARD, INC., ITS DIV. IN OWN RIGHT is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Wisconsin.

U.S. COSMETICS CORPORATION N/K/A MIYOSHI AMERICA, INC. is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut.

UNIMIN CORPORATION FKA UNIMIN TEXAS CO. LP FKA UNITED CLAYS OF TEXAS is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Connecticut.

UNIROYAL, INC., ALSO KNOWN AS  UNIROYAL GOODRICH TIRE COMPANY is a corporation incorporated under the laws of the State of Washington, with its principal place of business in the State of Washington.

UTRECHT ART SUPPLIES is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

VAN AKEN INTERNATIONAL is a corporation incorporated under the laws of the State of South Carolina, with its principal place of business in the State of South Carolina.

VANDERBILT MINERALS, LLC F/K/A R.T. VANDERBILT CO., INC.AS
SUCCESSOR IN INTEREST TO GOUVERNEUR TALC CO. AND STANDARD
MINERALS CO., INC. is a corporation incorporated under the laws of the State of
Delaware, with its principal place of business in the State of Connecticut.

VERMONT TALC, INC. is a corporation incorporated under the laws of the State
of Vermont, with its principal place of business in the State of Vermont.

WEAVER'S CERAMIC MOLD, INC. is a corporation incorporated under the laws
of the Commonwealth of Pennsylvania, with its principal place of business in the
Commonwealth of Pennsylvania.

WEIL-MCLAIN COMPANY, INC. is a corporation incorporated under the laws of
the Commonwealth of Massachusetts, with its principal place of business in the
Commonwealth of Massachusetts.

WHITAKER CLARK & DANIELS, INC. is a corporation incorporated under the
laws of the State of New Jersey, with its principal place of business in the State
of New Jersey.

3.    The plaintiff worked as a self employed artist at various locations,

including but not limited to Quakertown, PA from the 1950's through

up until the time of her untimely death.

4.    During the period of time set forth hereinabove and after at other jobsites, the

Plaintiff, Loretta Belac as set forth above including but not limited to

those jobsites of her late husband Ivan Belac, and thereafter, was

exposed to and did inhale asbestos dust and asbestos fibers, which

caused the conditions as hereinafter set forth, resulting in the Loretta

Belac's impairment and Death.

5.    Plaintiff Decedent Loretta Belac suffered, underwent treatment for and

passed away from Mesothelioma which caused her suffering and death.

6.  The Plaintiff's Mesothelioma was diagnosed on August 11, 2015. Plaintiff was unaware of and could not discover the nature and cause of said Mesothelioma before August 11, 2015.

## COUNT I

## NEGLIGENCE

7.  The Plaintiff incorporates the aforementioned paragraphs by reference as though fully set forth herein.

8.  The condition of Plaintiff is a direct and proximate result of the negligence of the defendants, both jointly and severally, in that they produced, supplied, and/or sold, and/or distributed,, and/or used, and/or distributed, and/or incorporated as a component part or ingredient, and/or specified and/or removed products containing asbestos and other dangerous ingredients including silica, which products defendants knew, or in the exercise of reasonable care, should have known, were inherently, excessively, and ultra-hazardously dangerous to the Plaintiff.

9.  The defendants mined and/or milled and/or manufactured and/or fabricated and/or supplied and/or sold products and/or included as a component part or ingredient, which they knew were defective and/or unreasonably dangerous to the user or consumer, such as plaintiff, and acted in such a manner which was willful, wanton, gross and in total disregard for the health and safety of the user or consumer, i.e., the Plaintiff.

10. Defendants, individually, together and/or as a group, have possessed since early 1920's, medical and scientific data which indicated that asbestos-containing insulation and other materials were hazardous to health. Prompted by pecuniary motives, the defendants, individually, together and/or as a group, willfully and wantonly ignored and/or failed to act upon said medical and scientific data. Rather, they conspired together to

deceive the public in several aspects: by controlling industry-supported research in a manner inconsistent with the health and safety interest of users and consumers, by successfully tainting reports of medical and scientific data appearing in industry and medical literature, by suppressing the dissemination of certain medical and scientific information relating to the harmful effects of exposure to said products, and by prohibiting the publication of certain scientific and medical articles. Such conspiratorial activities deprived the users, artists, by-standers and other foresee-ably exposed persons, mechanics, laborers and installers of defendants said products of the opportunity to determine whether or not they would expose themselves to the unreasonably dangerous asbestos products of said defendants. As a direct and proximate result of the aforesaid actions, the plaintiff was exposed as alleged and contracted the diseases set forth herein.

11.   As a direct and proximate result of the actions of the defendants as aforesaid, and inhalation of asbestos fibers from defendant's products, the Plaintiff-Decedent Loretta Belac suffered severe, serious injuries and Death. Plaintiff Decedent Loretta Belac suffered and Died from mesothelioma, a fatal, incurable asbestos-caused, malignant disease with pronounced severe pain, suffering and discomfort.

WHEREFORE, Plaintiff has been injured and claims damages of the defendants, jointly and severally, in an amount in excess of Thirty Five Thousand ($35,000.00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Dauphin County, Pennsylvania.

## COUNT II
## STRICT PRODUCTS LIABILITY

12.   The Plaintiff incorporates the aforementioned paragraphs by reference as though fully set forth herein.

13.   The defendant corporations (hereinafter defendant "sellers" and

13.   The defendant corporations (hereinafter defendant "sellers" and
      "contractors") or their predecessors in interest, at all times relevant,
      engaged in one or more of the following activities involving asbestos
      and/or silica and/or talc and/or pigment and/or other ingredient and/or
      component part and other ingredients in their materials: the mining,
      milling, manufacturing, distributing, supplying, selling and/or using and/or
      recommending, and/or installing and/or removing asbestos materials and
      other dangerous ingredients and products.

14.   At all times pertinent hereto, the defendants acted through their duly
      authorized agents, customers, users, representatives, vendors,
      independent contractors, salespersons, servants and employees, who
      were then and there acting in the course and scope of their employment
      and in furtherance of the business of said defendants.

15.   The defendants below were engaged in the distribution, supply, sale,
      contracting, installation, mining and/or milling, fabrication, manufacture,
      incorporation, recommendation and/or suggestion and/or removal and/or
      specification of asbestos-containing products to which the plaintiff was
      exposed:


A.I.I. ACQUISITIONS, LLC  F/K/A A.I.I. ACQUISITION CORP. F/K/A  ALTHONE
INDUSTRIES, INC. F/K/A HOLLAND FURNACE COMPANY

A.O. SMITH CORPORATION IN ITS OWN RIGHT AND AS SUCCESSOR-IN-INTEREST
TO THE CLARK CONTROLLER COMPANY AND A.O. SMITH CORPORATION

ABB, INC.

AFTOSA

AIR & LIQUID SYSTEMS CORPORATION AS SUCCESSOR BY MERGER TO BUFFALO
PUMPS, INC.

AMERICAN ART CLAY CO., INC.

AMERICAN TALC COMPANY

ANCHOR CERAMIC MOLD CO.

ARMSTRONG INTERNATIONAL, INC.

ASSOCIATED RUBBER, INC.

ATWOOD & MORRILL. A DIVISION OF WEIR POWER & INDUSTRIAL

AURORA PUMP COMPANY

AVON PRODUCTS INC.

BARRETT'S MINERALS INC.

BASF CATALYSTS LLC AS SUCCESSOR IN INTEREST TO EASTERN MAGNESIA
TALC CO.

BEHR PROCESS CORPORATION

BELL AND GOSSETT COMPANY, NOW KNOWN AS ITT LLC, FORMERLY KNOWN AS
ITT CORPORATION

BENDIX CORP.

BIRD INC.

BORG-WARNER CORP.

CBS CORPORATION F/K/A VIACOM, INC., AS SUCCESSOR BY MERGER TO CBS
CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION

CERAMIC SUPPLY INC.

CERTAINTEED CORPORATION

CHARLES B. CHRYSTAL CO. INC

CHATTEM, A SANOFI COMPANY, INDIVIDUALLY AND FOR GOLD BOLD AND GOLD BOND ULTIMATE

CHAVANT, INC.

COLORAMICS, LLC, FICTIITIOUSLY KNOWN AS MAYCO COLORS CONVENIENCE PRODUCTS INC.

COTY, INC.

COUNTRYSIDE HOME CENTER, INC.

CRANE COMPANY, INC.

CRAYOLA, LLC

CREATIVE HOBBIES, INC.

CROWN CORK & SEAL COMPANY, INC.

DAL-TILE CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO AMERICAN OLEAN TILE COMPANY

DANA CLASSIC FRAGRANCES

DAP, INC

DECKER'S KORNER

DECO ART, INC.

DUNCAN ENTERPRISES

ECLECTIC PRODUCTS, INC.

EVENHEAT KILN, INC.

FOSTER WHEELER, L.L.C., SURVIVOR TO A MERGER WITH FOSTER WHEELER CORPORATION, F/K/A FOSTER WHEELER CORPORATION

FREEPORT-MCMORAN INC. AS SUCCESSOR IN INTEREST TO CYPRUS AMAX
MINERALS COMPANY

GARE, INC.

GENERAL ELECTRIC COMPANY

GEORGIA PACIFIC LLC F/K/A GEORGIA PACIFIC CORPORATION

HONEYWELL INTERNATIONAL, INC. F/K/A ALLIEDSIGNAL INC. F/K/A THE BENDIX
CORPORATION

IMERYS TALC AMERICA, INC. AND SUCCESSOR IN INTEREST TO LUZENAC
AMERICA INC. AND WINDSOR MINERALS

IMO INDUSTRIES, INC., F/K/A IMO DELAVAL, DELAVAL, INC. F/K/A TRANSAMERICA
DELAVAL, INC., F/K/A DELAVAL TURBINE, INC., DEVALCO CORPORATION, AND AS
SUCCESSOR TO WARREN PUMPS, INC.

INGERSOLL-RAND COMPANY

JAFRA COSMETICS INTERNATIONAL

JOANN STORES, LLC.

JOHNSON & JOHNSON

KOBO PRODUCTS, INC

KOLMAR LABORATORIES, INC A/K/A KOLMAR LABS GROUP, INC.

L&L KILN MANUFACTURING INC.

LAGUNA CLAY CO., INDIVIDUALLY AND FOR MILLER CLAY COMPANY

LAKESHORE LEARNING MATERIALS FICTICOUSLY KNOWN AS LAKESHORE
EQUIPMENT COMPANY

LENNOX INDUSTRIES, INC.

METROPOLITAN LIFE INSURANCE COMPANY A/K/A METROPOLITAN INSURANCE
COMPANY

MILWHITE INC. AS PARENT COMPANY OF WESTEX MINERALS CO.

MORNING STAR MOLDS

NOVEON HILTON DAVIS INC.

OLYMPIC KILNS

PARAGON INDUSTRIES, L.P.

PFIZER INC. INDIVIDUALLY AND AS PARENT COMPANY OF MINERAL TECHNOLOGIES CORP.

PLAID ENTERPRISES, INC., INDIVIDUALLY AND FOR APPLE BARREL AND AS SUCCESSOR TO DELTA CREATIVE, INC.

POLYFORM PRODUCTS COMPANY, INC.

PPG ARCHITECTURAL FINISHES, INC.,AS SUCCESSOR-IN-INTEREST TO AKZO NOBEL PAINTS LLC F/K/A THE GLIDDEN COMPANY AND AS SUCCESSOR TO PITTSBURGH PAINTS

PRESPERSE CORPORATION

RESCO PRODUCTS INC. AS PARENT COMPANY TO PIEDMONT MINERALS CO. INC.

RILEY POWER, INC., F/K/A BABCOCK BORSIG POWER, INC., F/K/A DB RILEY, INC., F/K/A RILEY STOKER CORPORATION

SARGENT ART INC.

SEARS, ROEBUCK & CO.

SEATTLE POTTERY SUPPLY, INC.

SELEE CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO ENGINEERED CERAMICS

SENSIENT TECHNOLOGIES CORPORATION

SHISEIDO AMERICAS CORPORATION

SHURTECH BRANDS, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO HENKEL CONSUMER ADHESIVES, INC. F/K/A MANCO TAPE INC.

SIR RAMIC PORCELAIN, INC. A/K/A JEN-KEN KILNS

SKUTT CERAMIC PRODUCTS, INC.

SOUTHERN TALC COMPANY

STANDARD CERAMIC SUPPLY COMPANY

SUGAR CREEK INDUSTRIES, INC. INDIVIDUALLY AND FOR GOOD KILN

SUN CHEMICAL CORPORATION

THE DOW CHEMICAL COMPANY

THE EDWARD ORTON JR. CERAMIC FOUNDATION

THE HOLLAND MOLD SHOP

THE MICHAELS COMPANIES, INC.

THE SHERWIN-WILLIAMS COMPANY INDIVIDUALLY AND AS SUCCESSOR TO
DUTCH BOY GROUP AND MINWAX COMPANY

TRANE U.S., F/K/A AMERICAN STANDARD, INC.,  ITS DIV. IN OWN RIGHT

U.S. COSMETICS CORPORATION N/K/A MIYOSHI AMERICA, INC.

UNIMIN CORPORATION FKA UNIMIN TEXAS CO. LP FKA UNITED CLAYS OF TEXAS

UNIROYAL, INC., ALSO KNOWN AS  UNIROYAL GOODRICH TIRE COMPANY

UTRECHT ART SUPPLIES

VAN AKEN INTERNATIONAL

VANDERBILT MINERALS, LLC F/K/A R.T. VANDERBILT CO., INC.AS SUCCESSOR IN
INTEREST TO GOUVERNEUR TALC CO. AND STANDARD MINERALS CO., INC.

VERMONT TALC, INC.

WEAVER'S CERAMIC MOLD, INC.

WEIL-MCLAIN COMPANY, INC.

WHITAKER CLARK & DANIELS, INC.

16.   As a direct and proximate result of the inhalation of the fibers and dusts contained in the products of defendants, and/or their predecessors-in-interest, the Plaintiff contracted the diseases set forth herein.

17.   The condition of the Plaintiff is a direct and proximate result of the defendants' manufacture, and/or production, mining and/or milling, fabrication, incorporation, recommendation and/or suggestion and/or distribution, and/or supply and/or sale of and/or use of products containing asbestos and other dangerous ingredients which were inherently, excessively, and ultra-hazardously dangerous to Plaintiff and/or lacked elements necessary to make them safe for their intended uses.

18.   Plaintiff's disease as set forth herein with associated complications was directly and proximately caused by the acts of the defendants acting through their agents, servants and employees, customers, users, representatives, vendors, independent contractors, salespersons, and the defendants are liable therefore, jointly and severally, to the Plaintiff for their breach of duty imposed by Section 402A of the Restatement (Second) of Torts.

19.   This is a tort action brought under the laws of the State of Pennsylvania and under the common law of the Commonwealth of Pennsylvania. The plaintiff herein bring this action based entirely upon the common and statutory laws of the State of Pennsylvania, and the Plaintiffs does not

rely upon any federal constitutional provision, federal statute, or federal law in bringing this action, and do not seek relief in this Complaint under any federal constitutional provision, statute or law.

20.    To the extent that any defendant will contend that the Plaintiff is seeking relief in this Complaint under a federal constitutional provision, statute or law, the plaintiffs expressly deny said contentions. The Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity due to the presence of Pennsylvania Defendants. Removal is improper. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from any act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiff did not sue a foreign state or agency. Accordingly, since Plaintiffs has waived all potential federal causes of action, there is no federal question jurisdiction under 28 US .C. §1331.

21.    The Plaintiff further alleges that complete diversity of citizenship between the parties does not exist. Furthermore, the citizenship and/or residency of the resident defendants cannot be disregarded for purposes of creating diversity jurisdiction under 28 U.S.C. §1332, as plaintiff have stated valid Pennsylvania causes of action against local Pennsylvania manufacturers and/or suppliers in this Complaint, and that these local Pennsylvania manufactures and/or suppliers are neither nominal nor fraudulently joined Defendants with respect to the claims brought against them by the Plaintiff herein.

22.    The Plaintiff disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal

enclave. Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

23.    For Plaintiff's injuries sustained as a direct and proximate result of exposure to the defendants' defective products as aforesaid, the Plaintiff demands the following relief:

a. Compensation for great pain, suffering and inconvenience;

b. Compensation for Plaintiff-Decedent's Loretta Belac limitation and preclusion from performing normal activities;

c. Compensation for great emotional distress;

d. Compensation for loss of wages, income and/or earnings

d. Compensation for Plaintiff-Decedent's Loretta Belac loss of her general health, strength and vitality;

e. Compensation for medicine, medical care, nursing, hospital and surgical attention, medical appliances, household care, nd other relevant out of pocket cost;

f. Punitive and exemplary damages;

g. Any further relief found just and appropriate by the Court.

WHEREFORE, Plaintiff has been damaged and claims damages of the defendants, jointly and severally, in an amount in excess of Thirty Five Thousand ($35,000.00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Dauphin, Pennsylvania.

## COUNT III
## AGAINST METROPOLITAN LIFE

24.    Plaintiff incorporates the aforementioned paragraphs by reference hereto as fully set forth herein.

25.  In or about the year 1930, and at various times prior and subsequent thereto, up to and including the present time, defendant, Metropolitan Life Insurance Company undertook and assumed a duty to provide the asbestos industry, the scientific community and company users of asbestos with information, inspections, instructions, supervision, recommendations, assistance, notices, reports, methods, findings, cautions, warnings, advice, designs, equipment, safeguards, guidance and services to properly, adequately and reasonably provide safe working conditions, all allegedly to preserve and protect the life, health and safety of employees exposed to asbestos, including plaintiffs and their co-workers, and particularly to protect them from the dangerous and defective properties of asbestos, asbestos products and compounds and/or other dangerous substances at or about the workplace.

26.  Plaintiff avers that various employers and their employees, including plaintiffs and scientists and others similarly situated, were dependent upon the undertakings of Metropolitan to preserve and protect the life, health and safety of individuals, including plaintiffs, by not assisting the said companies in selling dangerous products.

27.  Metropolitan, by its active and passive negligence, failed to exercise the standard of care and skill it was obliged to exercise by reason of its aforesaid undertakings and assumption of duty, thereby causing, creating or permitting dangerous conditions and exposure to dangerous and defective substances; and thereby failing to properly safeguard plaintiffs and all others similarly situated.

28.  As a result of the aforesaid negligence of the defendant Metropolitan, Plaintiff was injured.

WHEREFORE, Plaintiff has been damaged and claims damages of the

defendants, jointly and severally, in an amount in excess of Thirty Five

Thousand ($35,000.00) Dollars, which is in excess of the arbitration

jurisdiction of the Court of Common Pleas of Dauphin County,

Pennsylvania.

### COUNT IV

### AGAINST METROPOLITAN LIFE

29. Plaintiff incorporates the aforementioned paragraphs by reference
    hereto as fully set forth herein.   .

30. For a number of years, Metropolitan provided insurance coverage for
    various manufacturers of asbestos-containing products.

31. For a number of years, Dr. A.J. Lanza served as assistant medical
    director of Metropolitan.

32. At all times relevant, the activities of Dr. Lanza hereinafter described
    were undertaken as a servant, agent or employee of Metropolitan.
    (a) Beginning in approximately 1934, Metropolitan Life Insurance
    Company and certain asbestos producers and manufacturers including
    Johns-Manville Corporation and Raybestos Manhattan, through their
    agents, Vandiver Brown, attorney J.C. Hobart, Sumner Simpson, and J.
    Rohrbach, suggested to Dr. Anthony Lanza, as agent of Metropolitan
    Life Insurance Company, that Lanza publish a study on asbestos in
    which Lanza would affirmatively misrepresent material facts about
    asbestos exposure and concerning the seriousness of the disease
    processes, asbestosis and related diseases. This was accomplished
    through intentional deletion of Lanza's feeling of asbestosis as "fatal"
    and through other selective editing that affirmatively misrepresented
    asbestos as causing diseases less serious than they really were known
    to be. As a result, Lanza's study was published in the medical literature
    in this misleading fashion in 1935. This fraudulent misrepresentation

and fraudulent nondisclosure was motivated in part by a desire to influence proposed legislation to regulate asbestos exposure and to provide a defense in disputes involving Metropolitan as insurer. In 1936, American Brake Block Corporation, Asbestos Manufacturing Company, Gastket Corporation, Johns-Manville Corporation, Keasbey & Mattison Company, Raybestos-Manhattan, Russell Manufacturing, Union Asbestos and Rubber Company, and United Gypsum Company, entered into an agreement with the Saranac Laboratories. Under this agreement, these companies acquired the power to decide what information Saranac Laboratories could publish about asbestos disease and could also control in what form such publications were to occur. This agreement gave these companies power to affirmatively misrepresent the results of the work at Saranac, and also gave these conspirators power to suppress material facts included in any study.

(b) On numerous occasions thereafter, these companies together with Metropolitan, exercised their power to prevent Saranac scientists from disclosing material scientific data, resulting in numerous misstatements of fact being made at scientific meetings.

(c) On November 11, 1948, representatives of the following companies met at the headquarters of Johns-Manville Corporation: American Brake Block Division of American Brake and Shoe Foundry, Gasket Corporation, Keasbey & Mattison Company, Raybestos-Manhattan, Inc., Thermoid Company, Union Asbestos and Rubber Company, United States Gypsum Company and Metropolitan. U.S. Gypsum did not send a representative to the meeting, but instead authorized Vandiver Brown of Johns-Manville to represent its interest at the meeting and to take action on its behalf

(d) At this November 11, 1948 meeting, these companies and

Metropolitan decided to exert their influence to materially alter and misrepresent material facts about the substance of research previously started by Dr. Leroy Gardner at the Saranac Laboratories. Dr. Gardner's research involved the carcinogenicity of asbestos in mice and also included an evaluation of the health effects of asbestos on humans with a critical review of the then existing standards of dust exposure for asbestos and asbestos products.

(e) At this meeting, these companies and Metropolitan and subsequently their agent, Dr. Vorwald, intentionally and affirmatively determined that Dr. Gardner's work should be edited to delete material facts about the cancer causing propensity of asbestos and the health effects of asbestos on humans and to delete the critique of the dust standards. This was published, as altered, in the scientific literature. These companies and Metropolitan thereby fraudulently misrepresented the risks of asbestos exposure to the public, in general, scientists, and persons exposed to asbestos such as the plaintiffs.

(f) As a direct result of the actions as described above, Dr. Gardner's edited work was published in the Journal of Industrial Hygiene, AMA Archives of Industrial Hygiene and Occupational Health in 1951 in a form that stressed those portions of Dr. Gardner's work that Metropolitan wished stressed, but which omitted references to human asbestosis and cancer, thereby fraudulently and affirmatively misrepresenting the extent of risks. Metropolitan and the companies it joined with affirmatively and deliberately disseminated this misleading publication.

(g) Such action constituted a material affirmative misrepresentation of material facts involving Dr. Gardner's work and resulted in creating an appearance that inhalation of asbestos was less of a health problem than Dr. Gardner's unedited work indicated.

than Dr. Gardner's unedited work indicated.

(h) In 1955, Johns-Manville, for itself and on behalf of Metropolitan, through their agent Kenneth Smith, caused to be published in the AMA Archives of Industrial Health, an article entitled "Pulmonary Disability In Asbestos Workers". This published study materially altered the results of an earlier study in 1949 concerning the same set of workers. This alteration of Dr. Smith's study constituted a fraudulent and material representation about the extent of the risk associated with asbestos inhalation.

(i) In 1955, the National Cancer Institute held a meeting at which Johns-Manville, individually and as an agent for Metropolitan, and A. Vorwald, as their agent, affirmatively misrepresented that there were no existing animal studies concerning the relationship between asbestos exposure and cancer, when, in fact, Metropolitan was in secret possession of several studies which demonstrated that positive evidence did exist.

(j) Metropolitan approved and ratified and furthered the previous acts of Johns-Manville, Raybestos Manhattan, and AJ Lanza.

33.   The acts of Metropolitan as described above, constitute a fraudulent concealment and/or a fraudulent misrepresentation which proximately caused injury to the plaintiffs in the following manner:

(a) Metropolitan intended the publication of false and misleading reports and/or the nondisclosure of documented reports of health hazards of asbestos, in order to:

(i) Maintain a favorable atmosphere for the continued sale and distribution of asbestos and asbestos-related products;

(ii) Assist in the continued pecuniary gain through the control and reduction of claims;

(iii) Influence proposed legislation to regulate asbestos exposure;

(iv) Provide a defense in lawsuits brought for injury resulting from asbestos disease.

(b) Metropolitan intended reliance upon the published reports regarding the safety of asbestos and asbestos-related products.

(c) Plaintiff-Decedent's Loretta Belac suffered injury as a direct and proximate result of the acts alleged herein.

34. Metropolitan has, as previously stated, altered, influenced, and created significant portions of medical literature which are false and misleading statements concerning the dangers of asbestos exposure and disease. In so doing, Metropolitan, and its aforesaid agents, provided a body of medical literature which, when relied upon by persons investigating such literature, would have lead to a false impression of the dangers of asbestos exposure. Additionally, the publication of such literature acted to inhibit the development of the literature and effectively delayed the dissemination of accurate knowledge of the dangers. Metropolitan owed a duty to the plaintiffs, and the public as a whole, when contributing to the medical literature to do so in good faith and with the reasonable care expected of any professional contributing to such literature; Metropolitan's failure to do so is willful and wanton negligence and a separate intentional tort creating a duty to compensate the plaintiffs for injuries sustained as a proximate contributing result of the actions of Metropolitan Life Insurance Company.

35. As a direct and proximately result of the fraudulent concealment and/or fraudulent representation by Metropolitan and its agents, the Plaintiff suffered the diseases, injuries and damages set forth in the foregoing paragraphs.

WHEREFORE, Plaintiff has been damaged and claims damages of the

defendants, jointly and severally, in an amount in excess of Thirty Five
Thousand ($35,000.00) Dollars, which is in excess of the arbitration
jurisdiction of the Court of Common Pleas of Dauphin County,
Pennsylvania.

### COUNT V

### AIDING AND ABETTING AGAINST METROPOLITAN LIFE

36.    The Plaintiff incorporates the aforementioned paragraphs by reference
hereto as fully set forth herein.

37.    Defendant, Metropolitan Life Insurance Company, individually and in
concert with American Brake Block Corporation, Asbestos
Manufacturing Company, Gasket Corporation, Johns-Manville
Corporation, Keasbey & Mattison Company, Raybestos-Manhattan,
Russell Manufacturing, Union Asbestos and Rubber Company, United
Gypsum Company, Thermoid Company and others knowingly agreed
and conspired among themselves to engage in a course of conduct that
was reasonably likely to result in injury to plaintiff.

38.    Defendant, Metropolitan Life Insurance Company, knew or should have
known that the perversion of the scientific and medical literature as
aforesaid would cause the harmful effects of asbestos exposure and
would cause Plaintiff injury.

39.    Defendant, Metropolitan Life Insurance Company, gave substantial
assistance and/or encouragement to the conspirators and this aided
and abetted their sale of asbestos products in a defective and
dangerous condition and their reduction and control of claims against
them.

40.    The actions of Metropolitan Life Insurance Company make it liable to
the Plaintiff pursuant to Section 876 of the Restatement of Torts
(Second) since Metropolitan Life Insurance Company has acted in

concert with others to cause harm to the Plaintiff.

41.  As a direct and proximate result of the actions of defendant, Metropolitan Life Insurance Company, plaintiff suffered and will continue to suffer serious bodily injury; endured and will continue to endure great pain and suffering and mental anguish; incurred and will continue to incur medical expenses; lost earnings and earning capacity; and was otherwise damaged.

WHEREFORE, plaintiff has been damaged and claims damages of the defendants, jointly and severally, in an amount in excess of Thirty Five Thousand ($35,000,00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Dauphin County, Pennsylvania

## COUNT VI

## MISREPRESENTATION AGAINST METROPOLITAN LIFE INSURANCE COMPANY

42.  Plaintiff incorporates the aforementioned paragraphs by reference hereto as fully set forth herein.

43.  The actions of defendant Metropolitan Life Insurance Company as described above constituted conscious misrepresentation involving risk of physical harm and/or negligent misrepresentation involving risk of physical harm.

44.  Metropolitan Life Insurance Company is liable to plaintiffs for their injury pursuant to Section 310 and 311 of the Restatement of Torts (Second).

45.  As a direct and proximate result of the actions of defendant, Metropolitan Life Insurance Company, plaintiff suffered and will continue to suffer serious bodily injury; endured and will continue to endure great pain and suffering and mental anguish; incurred and will continue to incur medical expenses; lost earnings and earning capacity;

and was otherwise damaged.

WHEREFORE, Plaintiff has been damaged and claims damages of the defendants, jointly and severally, in an amount in excess of Thirty Five Thousand ($35,000.00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Dauphin County, Pennsylvania.

## COUNT VII
## WRONGFUL DEATH

46.    Plaintiff incorporates the aforementioned paragraphs by reference hereto as fully set forth herein.

47.    Loretta Belac died as a result of the injuries averred above and Faith Belac Cope, Administratrix of the Estate of Loretta Belac, on behalf of the persons entitled by law to recover damages, is therefore seeking damages for wrongful death in addition to damages for injuries sustained during the decedent's lifetime.

48.    Plaintiff brings an action in wrongful death on behalf of the persons entitled by law to recover damages by reason of the death of the decedent: the pain and suffering the decedent underwent prior to his death, loss of earning power, the medical expenses, funeral expenses and the loss of services and society of the decedent and such other items of recover as may be due by virtue of the Wrongful Death Act.

WHEREFORE, Plaintiff has been damaged and claims damages of the defendants, jointly and severally, in an amount in excess of Thirty Five Thousand ($35,000.00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Dauphin County, Pennsylvania.

## COUNT IX
## FAITH BELAC COPE, ADMINISTRATRIX OF THE ESTATE OF LORETTA

## BELAC COUNT AGAINST FORMER EMPLOYERS OF IVAN BELAC, DECEASED

56.   The Plaintiff incorporates the aforementioned paragraphs by reference hereto as fully set forth herein.

57.   The injuries and damages suffered by Loretta Belac, Deceased, were caused by and were the direct and proximate result of the deliberate intent of the following defendant employers of Ivan Belac, Deceased:


ASSOCIATED RUBBER, INC.

58.   Throughout his work career, Ivan Belac,  Deceased was exposed to unsafe working conditions in his workplace which presented a high degree of risk and a strong probability of serious injury and/or death.

59.   The following defendants:


ASSOCIATED RUBBER, INC.

by and through its employees, permitted Ivan Belac, Deceased to become exposed to airborne asbestos fibers and to inhale said fibers throughout his career with them when aforementioned Plaintiff's employers had actual knowledge that the inhalation of airborne asbestos fibers could cause the behavior of aforementioned employers was wanton, willful and reckless.

60.   The following defendants:


ASSOCIATED RUBBER, INC.

had actual and subjective realization and appreciation of the existence of the aforementioned unsafe working conditions and also had actual

of the aforementioned unsafe working conditions and also had actual and subjective realization and appreciation that there was a high degree of risk and strong probability that serious injury or death could occur as a result of such specific unsafe working conditions.

61. Such specific unsafe working conditions, as alleged, were in violation of Pennsylvania safety statutes, rules, regulations and commonly accepted and well-known safety standards. The following defendants exposed their employee, Ivan Belac, Deceased and their employees families the aforementioned unsafe working conditions Intentionally and in a willful, wanton and reckless disregard for his safety and the safety of his family:

ASSOCIATED RUBBER, INC.

62. The following defendants:

ASSOCIATED RUBBER, INC.

owed the Plaintiff-Decedent a duty to make inspections and remediate all unsafe working conditions at work sites where they employed the Ivan Belac, Deceased, in Pennsylvania and elsewhere.

63. Plaintiff Loretta Belac, Deceased, suffered severe personal Injury as a direct and proximate result of the intentional, willful, wanton and reckless conduct of the following defendants:

ASSOCIATED RUBBER, INC.

WHEREFORE, plaintiff has been damaged and claims damages of the defendants, jointly and severally, in an amount in excess of Thirty Five

Thousand ($35,000.00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Dauphin County, Pennsylvania.

**JURY TRIAL DEMANDED**

Respectfully Submitted:
Counsel for Plaintiff
Law Offices of Lee W Davis, Esquire,

Lee W. Davis, Esquire (PA ID X7420)
5239 Butler Street, STE 201
Pittsburgh, PA 15201
(412) 781-0525

**VERIFICATION**

I, Faith Belac Cope, Administratrix of the Estate of Loretta Belac, hereby certify that the statements set forth in the foregoing Complaint are true and correct to the best of our knowledge, information and belief. The factual matters set forth therein are based upon information which has been furnished to counsel or which has been gathered by counsel as it pertains to this lawsuit; that the language contained in the foregoing is that of counsel and not the undersigned; and, that to the extent that the contents of same is that of counsel the undersigned has relied upon counsel in making this affidavit.

I understand that this Verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn fabrication to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

*Faith Belac Cope*

Faith Belac Cope, Administratrix of the Estate of Loretta Belac,
Date: 3.22.17